UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAOPLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA OLINGER VANOVER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:21-cv-1043-JMS-MJD |
| | ) | |
| CITY OF SHELBYVILLE, CITY POLICE | ) | |
| DEPARTMENT, and UNKNOWN OFFICERS, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Presently pending before the Court are *pro se* Plaintiff Cynthia Olinger Vanover's

Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2].

This Entry addresses Ms. Vanover's motion, screens her Complaint pursuant to 28 U.S.C.

§ 1915(e)(2), and directs further proceedings.

**I.**
**MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without

prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets

to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Vanover's Motion for Leave to

Proceed *In Forma Pauperis*, [Filing No. 2], meets this standard and is therefore **GRANTED**. 28

U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed

without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v.*

*Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the

filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees")

1

(emphasis in original).  The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status.  *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016)* ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015)* (same principle).  The filing fee for *in forma pauperis* litigants is $350.  *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915").  Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

#### A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Complaint

The following are the allegations contained in Ms. Vanover's Complaint, which the Court

must accept as true at this time:

1. Being arrested for things I have not done.   Without the proper investigation false arrest.

2. Freedom of speech more I talk about certain things more I'm arrested.

3. Rape Reports not investigated correctly and covered up per Hells angels involv[e]ment.

4. Hells angels have Hit for Hire $10,000 on my life and keep hurting my body, my freedom, and family.  Kill on site (sic) orders.

5. Mothers murder on Mel Practice (sic) with DRS. covering up Deaths.

6. To prove Vanovers (x husband family) Behind hit for hire orders [and] mel practice (sic) involvement with calender (sic) girls covering up Shelby County.

7. Shelby County system has there (sic) confidential informants dealing Drugs [and] setting us up with [their] drugs and doing [e]ntrapment.

8. Police officers was growing marijuana on a farm that got robbed and now it[']s causing myself harm [and] set up [falsely and] Raped by [their] actions and others to be set up also cause I let the info out.

9. Prove the Hammer family heritage is the KKK family that is behind trying to kill me [and] set me up costing me false charges that some cops are working for covering up the wrongdoing in the Global System.

10. Can't save my own life anymore keep getting abused [and] the Police Dept. refuses to help me.  And Sheriff Lacy Kicks me out of Shelbyville with no court orders [and] refuses to help me.

[Filing No. 1 at 1-2.]  Ms. Vanover names as Defendants the City of Shelbyville, the City Police

Department, and "Unknown Officers." [Filing No. 1 at 1.]

### C. Discussion

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence," *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), but "it is always a federal court's responsibility to ensure it has jurisdiction," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). As such, before considering the substance of Ms. Vanover's claims, the Court must first determine whether it has jurisdiction to hear those claims.

Ms. Vanover's allegations, liberally construed, could potentially relate to the following claims: (1) false arrest, in violation of the Fourth Amendment; (2) violation of her First Amendment right to freedom of speech; (3) failure to investigate her allegations of rape; (4) failure by law enforcement to protect her from harm by third parties; and (5) medical malpractice.

"Under 28 U.S.C. § 1331, district courts have federal question jurisdiction in civil cases 'arising under the Constitution, laws, or treaties of the United States.'" *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir. 1993). Although the Court would have federal question jurisdiction to consider Ms. Vanover's claims under the Fourth and First Amendments, she has not provided enough factual information to state a claim under either of those provisions. Instead, she merely asserts that she was falsely arrested and that her free speech rights were violated, without explaining how, when, by whom, or any other

4

relevant details.  As for her claim that the police have not properly investigated her reports of rape, the Seventh Circuit Court of Appeals has explained that "mere inactivity by police does not give rise to a constitutional claim." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). In doing so, the Seventh Circuit relied on the Supreme Court's decision in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989) (holding that the Constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"), to conclude that an individual "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." 790 F.3d at 735.  *See also McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (recognizing that the Equal Protection Clause "does not entitle a person to adequate, or indeed to any, police protection").  Accordingly, Ms. Vanover has not stated a constitutional claim that would invoke the Court's federal question jurisdiction.

To the extent that Ms. Vanover intends to assert that Defendants were negligent in handling her complaints or to pursue another state law cause of action, such as medical malpractice, she has not demonstrated that the Court has diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (establishing that a court has diversity jurisdiction if the plaintiff is a citizen of a different state than the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs).  In addition, to the extent that Ms. Vanover believes that Hells Angels, her ex-husband's family, or the Hammer family wronged her, she has not named them as defendants in this action.

The Court is mindful of Ms. Vanover's *pro se* status and its attendant duty to construe her pleadings liberally.  *See, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019).  Nevertheless,

because Ms. Vanover's factual allegations do not state a plausible federal claim for relief or demonstrate that the Court has diversity jurisdiction over this matter, her Complaint must be dismissed. Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, Ms. Vanover shall have until **June 4, 2021** to file an Amended Complaint that sets forth a basis for this Court to exercise jurisdiction and provides "a short and plain statement of the claim[s] showing that [she] is entitled to relief," Fed. R. Civ. P. 8.

### III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Ms. Vanover's Motion for Leave to Proceed *In Forma Pauperis*, [2], is **GRANTED.**

2. Ms. Vanover's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**.

3. Ms. Vanover shall have until **June 4, 2021** to file an Amended Complaint that addresses the deficiencies in this Entry and otherwise complies with federal pleading standards. Failure to do so may result in dismissal of this case.

Date: 5/4/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Cynthia Olinger Vanover
Shelby County Jail
107 W. Taylor St.
Shelbyville, IN 46176